IN THE CIRCUIT COURT OF THE STATE OF OREGON

FOR THE COUNTY OF MULTNOMAH

| | |
|---|---|
| BRYON WEBB, an individual,<br><br>    Plaintiff,<br><br>  v.<br><br>WALMART, INC., DBA WAL-MART STORE #5899, an ARKANSAS CORPORATION, DANA FRANKLYN, an Individual, LAURA RAYE, an individual, RANDY MONROE, an individual, VERONICA ISHMAEL aka "BONNIE", an individual and JOHN DOES 1 – 5, Inclusive.<br><br>    Defendants. | Case No.<br><br>COMPLAINT (**Discrimination on the Basis of Race**)<br><br>Prayer: $999,999.00<br><br>Filing Fee: $594.00 per ORS 21.160(1)(c)<br><br>NOT SUBJECT TO MANDATORY ARBITRATION<br><br>JURY TRIAL REQUESTED |

COMES NOW, Plaintiff Bryon Webb, for his complaint against the above-named defendants, and alleges as follows:

1.

At all material times, Plaintiff Bryon Webb was a resident of Multnomah County, Oregon.

2.

At all material times, Defendant Walmart Inc., dba Wal-Mart Store #5899 ("Walmart") was a corporation regularly conducting business at its Jantzen Beach location in Multnomah County, Oregon. At all times material, Defendant managed and operated the Jantzen Beach Walmart location in Portland, Oregon.

3.

At all material times, Defendants Dana Franklyn, Laura Raye, Randy Monroe, Veronica Ishmael aka "Bonnie", and John Does 1-5 were employees and agents of Walmart, Inc. working at the Jantzen Beach Walmart Location in Multnomah County, Oregon.

Page 1 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

EXHIBIT A
Page 1 of 8

4.

Plaintiff is an African American male in a same-sex relationship with Andrew Colton, his unregistered domestic partner.

5.

On Saturday, November 17th 2018, on or about 7pm, Plaintiff was informed that he was not allowed to use the break room in the Jantzen Beach Walmart location where his partner Andrew Colton worked. Other heterosexual co-workers with light skin color and of different races brought their wives and girlfriends into the break room and were not subjected to a similar prohibition. Coworkers of other races, skin colors, sex, and sexual orientations were allowed to bring family members into the break room during lunch breaks. Another possible reason for discrimination was that Andrew Colton has white skin color and is Anglo-Saxon, and their relationship is an inter-racial relationship.

6.

On Monday, November 19th 2018, on or about 12:25 PM, Bryon Webb and Andrew Colton entered the break room like other family members of employees working at Walmart. At approximately 12:32 PM, Bryon Webb was talking on his cell phone and Dana Franklyn and Department Manager Amber Barber had come down the hallway. Dana Franklyn saw Bryon Webb on his cell phone. Dana Franklyn yelled very loudly at Bryon Webb and said "What are you doing up here?" Dana Franklyn then pushed the talk button on her radio and said "Intruder, A.P there is an Intruder up here, get here quick before he gets away". Department Managers, Jason Smith – Electronics, Whitney (last name unknown)- Apparel Manager, Zack (last name unknown) - Asset Protection, other employees, and other Walmart Agents who had radios came running up to the employee break room area to see what was going on. Everybody who came running up to the break room area reacted like Dana Franklyn had just called "ACTIVE SHOOTER" over the radio. When everybody realized it was just Bryon Webb, they left and went back to work because they knew who Bryon Webb was. However, Bryon Webb was

Page 2 – COMPLAINT

Janzen Legal Services, LLC
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

EXHIBIT A
Page 2 of 8

1  extremely humiliated, disturbed, and suffered emotional distress and harm to his reputation in the
2  community as a result of the discriminatory racial profiling by Walmart Manager Dana Franklyn.

3                                                7.

4  Randy Monroe, Veronica Ishmael, and Laura Raye also discriminated against the
5  Plaintiff when they refused to discipline or reprimand Dana Franklyn, and even refused to
6  instruct her to apologize, after Plaintiff, acting through Andrew Colton as his agent, filed a global
7  ethics complaint reporting the discrimination on December 2, 2018. Instead, Defendant Randy
8  Monroe promoted Dana Franklyn shortly after the incident, and before the investigation into the
9  racial discrimination was concluded. On information and belief, other unknown agents of
10 Walmart may have also engaged in discrimination towards Bryon Webb, hereinafter referred to
11 as John Does 1-5.

12                                               8.

13 Plaintiff was damaged in the amount of $999,999.00 in emotional distress damages or an
14 alternative amount to be proven at trial as a result of the discriminatory treatment.

15                    **CLAIM 1: DISCRIMINATION UNDER ORS 695A.403**

16                                      **(All Defendants)**

17                                               9.

18 Plaintiff incorporates and re-alleges paragraphs 1 through 8.

19                                              10.

20 The Jantzen Beach Walmart location is a place of public accommodation within the
21 meaning of ORS 695A.400. At least part of the motivation for the above described conduct was
22 Bryon Webb's race, color, sex, or sexual orientation.

23                                              11.

24 The above described conduct on the part of Defendants violates ORS 695A.403, which
25 prohibits discrimination in places of public accommodation on account of race.
26 ///

Page 3 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

12.

As a result of the above-described discrimination, Bryon Webb suffered, continues to suffer, and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increase vulnerability, and feelings of racial stigmatization, all to his noneconomic damages in an amount of $999,999.00 or an alternate amount to be determined by the jury.

13.

Plaintiff seeks his costs and attorney's fees under ORS 659A.885.

### CLAIM 2: Breach of 42 U.S.C 1981

### (All Defendants)

14.

Plaintiff incorporates and re-alleges paragraphs 1 through 13.

15.

Defendants had an employment contract with Plaintiff's partner Andrew Colton. One of the benefits enjoyed by employees under employment contracts with defendant was the right to bring family members into the break room. Plaintiff was a third-party beneficiary of that contract. Defendants discriminated against the Plaintiff directly by depriving his Partner Andrew Colton of the privilege of allowing his partner to enter the break room, and indirectly by discriminating against Andrew Colton on the basis of the fact that he had an African American boyfriend, was in a same-sex relationship, or otherwise discriminated on the base of sex, race, or skin color. The above described conduct was motivated wholly or in part by racial animus and violates 42 U.S.C.§ 1981, which prohibits interference with contractual benefits on account of race.

16.

As a result of the above-described discrimination, Bryon Webb suffered, continues to suffer, and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increase vulnerability, and feelings of racial stigmatization, all to his noneconomic damages

Page 4 – COMPLAINT

Janzen Legal Services, LLC
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

EXHIBIT A
Page 4 of 8

in an amount of $999,999.00 or an alternate amount to be determined by the jury.

## CLAIM 3: INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

**(All Defendants)**

17.

Plaintiff incorporates and re-alleges paragraphs 1 through 16.

18.

Defendant Dana Franklyn's actions described above constitute an extraordinary transgression off the bounds of socially tolerable conduct. The defendant Dana Franklin intended to inflict severe emotional distress on the plaintiff. The plaintiff did in fact suffer severe emotional distress as described above. The Defendant Dana Franklyn's actions are the cause of the plaintiff's severe emotional distress.

19.

Defendants Laura Raye, Randy Monroe, and John Does 1-5 aided and abetted Defendant Dana Franklyn in her discriminatory conduct or failed to take disciplinary action against her. Instead, Defendant Randy Monroe, knowing about the incident of racial discrimination, intentionally promoted Dana Franklyn, causing additional emotional distress damages to the Plaintiff.

20.

Defendant Walmart, Inc. is vicariously liable for the intentional torts of its agents because Dana Franklyn was acting within the scope of her employment, and it is the type of tort likely to arise from the kind of activity the employee was hired to perform. Furthermore, Dana Franklyn's acts were within the scope of her employment and were the direct cause of Plaintiff's injuries.

21.

As a result of the above-described intentional infliction of emotional distress, Bryon

Page 5 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

Webb suffered, continues to suffer, and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increase vulnerability, and feelings of racial stigmatization, all to his noneconomic damages in an amount of $999,999.00 or an alternate amount to be determined by the jury.

## CLAIM 4: FALSE ARREST

### (All Defendants)

22.

Plaintiff incorporates and re-alleges paragraphs 1 through 20.

23.

The above described racial profiling of the Plaintiff by the defendants was intentional and caused Plaintiff to be detained in such a way that he did not feel free to leave. The Plaintiff was aware of his detention, and the detention was unlawful.

24.

Defendants Laura Raye, Randy Monroe, and John Does 1-5 aided and abetted Defendant Dana Franklyn in her unlawful detention of the Plaintiff and failed to take disciplinary action against her. Instead, Defendant Randy Monroe, knowing about the incident of unlawful detention, intentionally promoted Dana Franklyn, causing additional emotional distress damages to the Plaintiff.

25.

Defendant Walmart, Inc. is vicariously liable for the intentional torts of its agents because Dana Franklyn was acting within the scope of her employment, and it is the type of tort likely to arise from the kind of activity the employee was hired to perform. Furthermore, Dana Franklyn's acts were within the scope of her employment and were the direct cause of Plaintiff's injuries.

26.

As a result of the above-described false arrest, Bryon Webb suffered, continues to suffer,

Page 6 – COMPLAINT

Janzen Legal Services, LLC
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

EXHIBIT A
Page 6 of 8

and will in the future suffer from embarrassment, frustration, anger, humiliation, a sense of increase vulnerability, and feelings of racial stigmatization, all to his noneconomic damages in an amount of $999,999.00 or an alternate amount to be determined by the jury.

27.

Plaintiff reserves the right to amend this Complaint at the time of trial to more completely allege its' economic losses and/or to conform to proof offered at trial.

28.

Plaintiff is entitled to pre-judgment interest at the legal rate of 9% per annum for their economically verifiable losses on all the Claims and for Relief from the date of loss to the date of entry of judgment herein.

**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff Bryon Webb prays for a judgment in his favor and against Defendants as follows:

1. Plaintiff's FIRST Claim for Relief, for the sum of $999,999.00 or an alternative amount to be proven at trial;

2. Plaintiff's SECOND Claim for Relief, for the sum of $999,999.00 or an alternative amount to be proven at trial;

3. Plaintiff's THIRD Claim for Relief, for the sum of $999,999.00 or an alternative amount to be proven at trial, and her reasonable attorney fees, costs and disbursements incurred herein;

4. Plaintiff's FOURTH Claim for Relief, for the sum of $999,999.00 or an alternative amount to be proven at trial;

5. Plaintiff seeks a total of $999,999.00 in damages against all defendants, or an alternative amount to be proven at trial, under the alternative theories of recovery outlined above.

In addition to the relief stated above, Plaintiff seeks the following:

Page 7 – COMPLAINT

Janzen Legal Services, LLC
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

EXHIBIT A
Page 7 of 8

1. Plaintiff's reasonable attorney fees, costs and disbursements incurred herein;

2. Payment of all expenses for psychological counselors caused by the emotional distress.

3. Pre-judgment interest pursuant to ORS 82.010(1)(a) and post-judgment interest pursuant to ORS 82.010(2).

4. Such other and further relief as the Court deems just and equitable.

Dated this 13th day of July, 2020.

JANZEN LEGAL SERVICES, LLC

By /s/ *Paul Janzen*
Paul Janzen, OSB No. 176240
paul@ruggedlaw.com
Caroline Janzen, OSB No. 176233
caroline@ruggedlaw.com
Attorneys for the Plaintiff

Trial Attorneys: Paul Janzen and Caroline Janzen

Page 8 – COMPLAINT

**Janzen Legal Services, LLC**
4550 SW Hall Blvd.
Beaverton, Oregon 97005
Office: 503-520-9900; Fax: 503-648-3604

EXHIBIT A
Page 8 of 8